IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

CASE NO. 16-cr-00297-PAB

UNITED STATES OF AMERICA,

       Plaintiff,

v.

**KEITH HOWARD HULL,**

       **Defendant.**

## REPLY

MR. KEITH HOWARD HULL, by and through undersigned counsel, Assistant Federal Public Defender Timothy P. O'Hara, files this Reply to the government's "Response in Opposition to Defendant's Moiton [sic] for Compassionate Release" [Doc. 58].

In its Response, the government argued that Mr. Hull has failed to show extraordinary or compelling reasons for release.  *See* Doc. 58 at p. 2.  However, the government made no attempt to contradict undersigned counsel's extensive factual recitation and legal argument about the severity of Mr. Hull's condition.  Instead, the government cited to a number of compassionate release cases [Doc. 58 at pp. 2-3] where the defendant had no significant risk factors and claimed that the COVID-19 pandemic itself justified release. But that is not the case before the Court. Mr. Hull has multiple, well-documented medical conditions that, when viewed cumulatively, make him at a great risk of hospitalization or death should he contract the coronavirus.

The government's claim that "the existence and distribution of a vaccine is imminent" may be true in a general sense,[1] but that does not mean that Mr. Hull is safe in the Bureau of Prisons (BOP). The government provided no specific information about how many doses will be received by the BOP, to which facilities those doses will go, the individuals who will receive them at those facilities, and when any of that is expected to happen. None of those details are known. *See* Associated Press website from November 23, 2020 (found at https://apnews.com/article/coronavirus-pandemic-prisons-85361fcf7cda33c7b6afb5ad8d2df8a2) (unclear how many doses will be received by the BOP) (last visited December 14, 2020); *see also* the New York Post website from December 14, 2020 (found at https://nypost.com/2020/12/14/federal-prison-workers-to-start-getting-vaccinated-wednesday/ (unclear which federal prisons would be getting the vaccines first) (last visited December 14, 2020). As a result, this Court has received no information to suggest that the inmate population and staff of the United States Penitentiary (USP) in Hazelton, West Virginia, will be vaccinated in the near future.

And meanwhile, the virus rages on in BOP facilities all over the country. *See* report from December 9, 2020 (also found at https://www.9news.com/article/news/health/coronavirus/fci-englewood-worst-covid-outbreak-federal-prison-system/73-e2f33b43-209c-4dd0-b4ba-6fa933031ee8 (FCI-Englewood reported to have 451 inmate cases); report from December 3, 2020 (also found at https://www.12newsnow.com/article/news/health/coronavirus/beaumont-

---

[1] See Government Executive website, November 23, 2020 (found at https://www.govexec.com/pay-benefits/2020/11/several-federal-agencies-deliver-covid-19-vaccines-employees-directly/170276/ ) (visited on December 14, 2020) (The Bureau of Prisons is among the agencies that will receive a direct allocation of vaccines from the Centers for Disease Control and Prevention).

low-security-fed-prison-has-most-active-covid-19-cases-among-federal-prisons-after-recent-spike/502-2236816b-090f-47b8-8566-63217dcd4ecb (the Beaumont FCI facility has 130 COVID-19 positive inmates); report from December 9, 2020 (found at https://www.altoonamirror.com/news/local-news/2020/12/over-half-of-loretto-inmates-have-virus/ (FCI-Loretto with 445 currently positive inmate cases) (all sites visited on December 14, 2020).  Multiple federal prison facilities in West Virginia have had outbreaks recently.  *See* West Virginia News website from December 3, 2020 (found at https://www.wvnews.com/news/wvnews/covid-19-continues-to-hit-hard-in-federal-prisons-in-west-virginia/article_96bd1505-fa4e-5277-a00f-0db92073cb71.html (e.g. FCI Morgantown with 72 current positive inmate cases, FCI McDowell with 108 positive inmate cases, and FCI Beckley with 49 positive inmate cases).

Mr. Hull's facility, USP Hazelton, now has five inmate COVID-19 cases to go along with 15 staff cases.  *See* Attachment A – COVID-19 Cases at USP-Hazelton as of December 11, 2020.[2]  The numbers are on the rise.  One thing this pandemic has taught us is that once the virus arrives inside of a correctional institution, the chances of an outbreak are significant.  *See* "For Prisoners, Pandemic Hits with Greater Force" from University of California – San Francisco website (found at https://www.ucsf.edu/news/2020/10/418876/prisoners-pandemic-hits-greater-force) (incarcerated people are five times more likely than the general public to get infected with the virus, and at least 1,200 inmates and 70 staff members have died from complications of COVID-19) (last visited December 14, 2020).

---

[2] The BOP website was down the entire day of December 14, 2020, so the most up-to-date numbers are not known.

The government's arguments about the 3553(a) factors were unconvincing.  Mr. Hull is not "blam[ing] his commission of the Colorado bank robbery on the probation department (and Michigan parole department)." Doc. 58 at p. 6.  He has never shifted the blame for his commission of the present offense; he pled guilty in a timely fashion and apologized to those that were impacted by his actions.  Rather, the goal in discussing his prior supervision was to point out that the previous offense was committed under a certain set of circumstances.  And before this Court decides to continue the incarceration of Mr. Hull, a 57-year old man with serious health issues, during a pandemic, it is essential to determine whether such incarceration would be greater than necessary.

And in analyzing the goals of sentencing described in 18 U.S.C. § 3553(a), among them protecting the community and considering recidivism, one must wonder whether those goals can be met at this point by changing the strategy of supervision.  We now know that the measures taken relating to addressing Mr. Hull's substance abuse issues during the prior supervision period were inadequate.[3]  If those conditions were varied, by instituting a more intensive substance abuse treatment plan combined with considerable restrictions on his movement, as recommended in Doc. 53 at pp. 19-20, Mr. Hull's chances of success would improve significantly, thus minimizing his danger to the community.  In the Court's own words, "if we knew that Mr. Hull was going to remain sober, we wouldn't need to lock him up for a substantial period of time . . ." Attachment U to Doc. 53 at p. 40.

---

[3] The Court acknowledged that this was undersigned counsel's best argument at the Sentencing Hearing.  *See* Doc. 53 at Attachment U at p. 37 ("This is what I meant when I said that Mr. O'Hara's best argument is that perhaps with some type of better supervision, Mr. Hull may do better.")

4

While the Court can never be guaranteed that Mr. Hull will live a law abiding life upon release, the balancing act that is required by 18 U.S.C. § 3553(a) has shifted in Mr. Hull's favor since 2017: he now is in grave danger if he remains in the BOP and he has served a significant part of the Court's sentence.  Enough conditions can be placed on his supervision that mitigate the danger to the community.  As a result, a reduction in Mr. Hull's present sentence[4] to one of time served is appropriate.

                Respectfully submitted,

                VIRGINIA L. GRADY
                Federal Public Defender

                *s/Timothy P. O'Hara*_____
                TIMOTHY P. O'HARA
                Assistant Federal Public Defender
                633 Seventeenth Street, Suite 1000
                Denver, Colorado  80202
                Telephone:  (303) 294-7002
                FAX:  (303) 294-1192
                Email:  Timothy_OHara@fd.org
                Attorney for Defendant

---

[4] Following the Court's ruling in the present case, his counsel in the Eastern District of Michigan is prepared to file a similar motion in that jurisdiction.

**CERTIFICATE OF SERVICE**

I hereby certify that on December 14, 2020, I electronically filed the foregoing

    **REPLY**

with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following e-mail addresses:

    Robert Brown
    Assistant U.S. Attorney
    Email:  Robert.Brown5@usdoj.gov

and I hereby certify that I have mailed or served the document or paper to the following non CM/ECF participants in the manner (mail, hand-delivery, etc.) indicated by the non-participant's name:

    Keith Hull (U.S. Mail)

                               *s/Timothy P. O'Hara*_____
                                 TIMOTHY P. O'HARA
                                 Assistant Federal Public Defender
                                 633 Seventeenth Street, Suite 1000
                                 Denver, Colorado  80202
                                 Telephone:  (303) 294-7002
                                 FAX:  (303) 294-1192
                                 Email:  Timothy.OHara@fd.org
                                 Attorney for Defendant